**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BYRON DAMIAN RAMIREZ REYES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-3218-R** |
| | ) | |
| **UNKNOWN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER TO PETITIONER TO CURE DEFICIENCIES**

The Court is in receipt of the documents Petitioner tendered in the above-referenced matter. However, the documents are deficient in the area(s) indicated below:

Petition for Writ of Habeas Corpus:

_________ The petition is not on the proper form.

_________ The petition is not originally signed by Petitioner.

____X____ Petitioner has neither paid the $5.00 filing fee in accordance with §1914 and LCvR3.2 nor submitted a proper motion for leave to proceed *in forma pauperis* .

____X____ *In forma pauperis* motion **must include** financial information and a certificate executed by an authorized officer of the appropriate penal institution stating (1) the amount of money or securities currently on deposit to the prisoner's credit in any institutional account; and (2) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the action.

____X____ *In forma pauperis* motion **must include** a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

___X___ The petitioner **fails to name a proper respondent**. The proper Respondent is the name of warden or authorized person having custody of petitioner.[1]

ACCORDINGLY, IT IS HEREBY ORDERED that Petitioner utilizing the form included with this mailing shall cure the deficiencies designated above no later than **November 30, 2026**. **Any submission must include a certificate executed by an authorized officer of the appropriate penal institution and a certified copy of the trust fund account statement**. Failure to comply with this Order may result in the dismissal of this action without prejudice to re-filing.

**THE CLERK OF COURT IS DIRECTED TO FORWARD TO THE PETITIONER THE NECESSARY FORMS TO ENABLE COMPLIANCE WITH THIS ORDER.**

**IT IS SO ORDERED** on November 12, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[1] "The proper respondent to a habeas petition is the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation modified). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. But because ICE "is in complete control of detainees' admissions and release" and is housed within the Department of Homeland Security, "the Attorney General of the United States [Todd Blanche] and the Secretary of Homeland Security [Markwayne Mullin]" are also appropriate respondents. *Rafati v. Barr*, Case No. 20-CIV-411, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020) (*quoting Calderon v. Sessions*, 330 F. Supp. 3d 944, 953 (S.D.N.Y. 2018)); cf. *Fonseca-Hernandez v. Longshore*, 6 F. Supp. 3d 1198, 1212 (D. Colo. 2013) ("[T]his Court concludes that either the Attorney General or [the Department of Homeland Security] Secretary is the proper respondent.").